IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:22-CV-55-BO-BM

| | |
|---|---|
| ALEX KEITH PERRY, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     O R D E R |
| | ) |
| MARTIN O'MALLEY, | ) |
| *Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

This cause comes before the Court on plaintiff's complaint seeking review of the final decision of the Commissioner of Social Security and entry of judgment in his favor. The appropriate briefs pursuant to the Supplemental Rules for Social Security have been filed, [DE 11,13], and a hearing was held before the undersigned on February 15, 2024, at Edenton, North Carolina. In this posture, the matter is ripe for disposition. For the reasons that follow, the decision of the Commissioner is remanded for further proceedings.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for supplemental security income pursuant to Title XVI of the Social Security Act. Plaintiff protectively filed his application on July 15, 2020, alleging disability beginning June 11, 2008; plaintiff later amended his alleged onset date to July 15, 2020. After initial denials, plaintiff proceeded to a hearing before an Administrative Law Judge (ALJ), after which the ALJ issued an unfavorable ruling. The decision of the ALJ became the decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

2

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining at step one that plaintiff had not engaged in substantial gainful activity since his alleged onset date, the ALJ found at step two that plaintiff had the following severe impairments: disorder of the skeletal spine, osteoarthritis and allied disorders, and chronic obstructive pulmonary disease. The ALJ determined that these impairments did not meet or medically equal the severity of a Listing at step three. At step four, the ALJ found plaintiff had the RFC to perform a reduced range of light work and that plaintiff had no past relevant work. The ALJ found at step five that, based on plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy which plaintiff could perform, such as weight recorder, counter clerk, and work ticket distributor. Accordingly, the ALJ found plaintiff not to be disabled as of the date of the decision.

Plaintiff argues that the ALJ failed to properly assess plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms as well as their consistency with the medical and other evidence. Plaintiff further argues that the ALJ erred by failing to find plaintiff

3

Case 2:22-cv-00055-BO-BM   Document 17   Filed 03/06/24   Page 3 of 5

disabled by application of Rule 201.12 of the Medical Vocational Guidelines and by failing to accurately describe all of plaintiff's physical and mental limitations in the hypothetical posed to the vocational expert (VE).

An RFC assessment must be based on all of the relevant medical and other evidence and should reflect the most that a claimant can do, despite the claimant's limitations. 20 C.F.R. § 404.1545(a). In making an RFC determination, an ALJ must provide a narrative discussion which includes a "logical bridge from the evidence to his conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). An ALJ's decision "must [also] include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)). Additionally, when, as here, a claimant demonstrates through objective medical evidence that he has an impairment reasonably likely to cause pain, the claimant may rely on subjective evidence to demonstrate the degree or extent of his pain. *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006).

Plaintiff has been involved in two work-related accidents, in 2001 and 2005. He states that he has chronic pain and reduced mobility, as well as limitations in his ability to stand, walk, lift, reach, use his hands, concentrate, and complete tasks. Tr. 17. In discounting plaintiff's statements, the ALJ found that the medical record contained normal or mild findings which are inconsistent with plaintiff's statements regarding the limiting effects of his conditions. The ALJ failed to address, however, continued notations in plaintiff's treatment record of neuropathy, shortness of breath, left shoulder pain, knee pain, nerve pain from past multiple fractures, neck pain, limited

4

range of motion in neck, motor weakness, and severe pain in the left arm, *See, e.g.,* Tr. 314-317, 406, 413, 430. The ALJ also discounts plaintiff's subjective description of pain and limitations by noting there is no evidence of the regular use of prescription pain medicine, but the record reflects that plaintiff has been prescribed and regularly taken gabapentin, which is prescribed to treat nerve pain,[1] for an extended period of time, to include the relevant time frame. "In evaluating a disability claim, an 'ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 98 (quoting *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (cleaned up)). Here, the ALJ's reasoning is based solely on the record evidence which supports a finding of not disabled. Remand is therefore required so that the ALJ can address the record evidence which supports plaintiff's complaints of pain. In so finding, the Court does not affirm the ALJ as to plaintiff's remaining arguments.

## CONCLUSION

The Court has conducted a full review of the record and decision in this matter. For the foregoing reasons, the decision of the Commissioner is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g). The clerk shall enter judgment in favor of plaintiff and close the case.

SO ORDERED, this ___4___ day of March 2024.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] *See, e.g., Christofferson v. Berryhill*, 2018 U.S. Dist. LEXIS 36309, at *12 n.20 (D.S.D. Mar. 6, 2018) (gabapentin often used to treat chronic nerve pain).

5